## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON

**CHARLES E. LAMP, JR.,**

      **Plaintiff,**

**v.**                                     **Case No. 2:18-cv-01364**

**BETSY JIVIDEN, *et al.*,**

      **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are the following motions: (1) the plaintiff's Motion for Temporary Restraining Order on Defendant Charles Johnston (ECF No. 11); (2) the plaintiff's Motion for "Emergency" Temporary Restraining Order II (ECF No. 17); and the plaintiff's Motion to Have a Mental Health Professional Come to See Him Issued by the Court (hereinafter "Motion for Order for Mental Health Treatment") (ECF No. 36). Given the current procedural posture of this matter, the undersigned construes each of these motions to be seeking preliminary injunctive relief and will address each motion under the standard applicable thereto.

### STANDARD OF REVIEW

Other than differences in notice requirements and time frame, the standards for obtaining a preliminary injunction or a temporary restraining order are the same. *See Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999). Rule 65(a)

of the Federal Rules of Civil Procedure provides that a court may issue a preliminary injunction only on fair notice to the adverse party. Fed. R. Civ. P. 65(a). The remainder of the rule addresses the procedure for a hearing on motions for a preliminary injunction and the scope of any such injunction. *Id.*

"[P]reliminary injunctions are not to be granted automatically." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980). Rather, the discretion of the court to issue such an injunction should be "sparingly exercised." *Id.* at 286. To obtain a preliminary injunction, a movant must demonstrate that "(1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest." *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008); *The Real Truth About Obama*, 575 F.3d 342 (4th Cir. 2009) (hereinafter "*Real Truth*")[1]. As noted by the *Real Truth* Court:

> A preliminary injunction is an extraordinary remedy afforded prior to trial at the discretion of the district court that grants relief *pendente lite* of the type available after the trial. *See In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 524-26 (4th Cir. 2003); *see also De Beers Consol. Mines, Ltd. V. United States*, 325 U.S. 212, 220-21, 65 S. Ct. 1130, 80 L. Ed. 1566 (1945). Because a preliminary injunction affords, on a temporary basis, the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by "a clear showing" that, among other things, it is likely to succeed on the merits at trial. *Winter*, 129 S. Ct. at 376; *see also Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed.2d 162 (1997) (per curiam). * * * Indeed, the Court in *Winter* rejected a standard that allowed the plaintiff to demonstrate only a "possibility" of irreparable harm because that standard was "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 375-76.

---

[1] Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Federal Election Commission*, 558 U.S. 310 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case. *See* 575 F.3d at 345-347.

575 F.3d 345-46; *see also Dewhurst v. Century Aluminum Co.*, 649 F.2d 287, 290 (4th Cir. 2011).

The *Real Truth* decision emphasizes that "the *Winter* requirement that the plaintiff clearly demonstrate that [he] will likely succeed on the merits is far stricter than the [*Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977)] requirement that the plaintiff demonstrate only a grave or serious *question* for litigation." *Id.* at 346-47. The *Real Truth* further distinguishes the *Winter* standard from the old *Blackwelder* standard because it no longer requires the court to balance the irreparable harm to the respective parties, but rather requires the plaintiff to make a clear showing that he is likely to be irreparably harmed, and the court must pay particular attention to the public consequences in employing the extraordinary remedy of an injunction. The Court again emphasized that <u>all four</u> factors must be met in order to justify this extraordinary relief. *Id.* at 347. Thus, the Court stated that the standard articulated in *Winter* would henceforth govern the issuance of preliminary injunctions in all federal courts. *Id.*

This demanding standard is even more exacting when a plaintiff seeks a preliminary injunction mandating action, as compared to the typical form of preliminary injunction that merely preserves the status quo pending trial. *See East Tennessee Nat. Gas v. Sage*, 361 F.3d 808, 828 (4th Cir. 2004); *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980) (noting that "mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief.").

## DISCUSSION

**A.     The Motions for Restraining Order against Charles Johnson.**

The plaintiff is an inmate housed in the Quilliams segregation units at the Mount Olive Correctional Complex.  The plaintiff filed his initial Complaint in this matter on October 18, 2018, alleging that, after he had made complaints and/or filed grievances concerning assaults by correctional staff on two other inmates on his unit, the defendants herein began retaliating against him in a number of ways.  In particular, he alleges that defendant Charles Johnston told other inmates that the plaintiff is a "rat" or a "snitch," placing his safety at risk.[2]

In both the Motion for Temporary Restraining Order on Defendant Charles Johnston (ECF No. 11) and the Motion for "Emergency" Temporary Restraining Order II (ECF No. 17), the plaintiff repeats his allegation that, in retaliation for his prior complaints and grievances, defendant Johnston has told other inmates that he is a "rat" or a "snitch," and he requests that the court restrain Johnston, "and all persons acting in concert or participation with him," from having any personal contact with the plaintiff.  He further requests that the court order that Johnston and his superiors be "held responsible and terminated from employment and also charged immediately" if the plaintiff is assaulted or injured.  (ECF No. 11 at 1).

In support of his motions, the plaintiff has provided several statements from other inmates who allegedly witnessed Johnston's statements.  He further speculates that Johnston "is trying his best to have the plaintiff very seriously injured or killed."  (ECF

---

[2] This matter is presently proceeding on an Amended Complaint (ECF No. 39), filed on January 4, 2019. Since then, the plaintiff has filed additional "amended" or "supplemental" complaint documents and declarations, which the undersigned will address at a subsequent hearing.  Because of the plaintiff's repeated filing of additional "complaint" documents, service of process has not yet been ordered on any of the defendants.

No. 11 at 6). He claims that Johnston personally threatened him with "serious repercussions" if he did not dismiss this civil action, and that Johnston attempted to set him up with false disciplinary violations. (ECF No. 17 at 2-4). The plaintiff's second motion further alleges that that one of the inmates who provided a witness statement for him was subsequently beaten by correctional officers. (*Id.* at 6). Both motions contend that, despite filing grievances asserting that Johnston's conduct has placed his safety at risk, no action has been taken to protect him and the defendants have permitted the retaliatory conduct to continue.[3]

Notwithstanding the serious allegations contained therein, the plaintiff's motions for preliminary injunctive relief are speculative, as he has asserted only theoretical future injury. A mere possibility of harm will not suffice to support the granting of a preliminary injunction. *Winter*, 555 U.S. at 21. Although the defendants, once served with process, will be called upon to respond to the plaintiff's allegations, based upon the facts set forth in his motions for injunctive relief, the plaintiff has not clearly shown that he is likely to succeed on the merits of his claims, or that he is likely to be irreparably harmed without preliminary injunctive relief. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff has not demonstrated the need for either a temporary restraining order or a preliminary injunction under the circumstances presented in his two motions seeking a restraining order. (ECF Nos. 11 and 17).

### B.    The plaintiff's Motion for Order for Mental Health Treatment.

Similarly, the plaintiff cannot make the required showing for preliminary injunctive relief concerning his request for a court order to be seen by a mental health

---

[3] A subsequent Declaration filed by the plaintiff indicates that defendant Johnston has been removed from working on the Quilliams units. (ECF No. 46 at 1).

professional (ECF No. 36). Liberally construed, the plaintiff's motion seeks preliminary injunctive relief in the form of a court order for mental health treatment, which his Complaint documents allege has been improperly denied. However, this court cannot presently grant the requested relief.

As noted above, preliminary injunctive relief is designed to protect the status quo to "prevent irreparable harm during the pendency of a lawsuit [and] ultimately to preserve the court's ability to render a meaningful judgment on the merits." *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 525 (4th Cir. 2003). As further noted by the Fourth Circuit, preliminary injunctions mandating action "do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief." *Wetzel*, 635 F.2d at 286.

The undersigned proposes that the presiding District Judge **FIND** that, at present, the plaintiff has not clearly shown that he is likely to succeed on the merits of any claim that he is being denied appropriate mental health treatment,[4] or that he is likely to be irreparably harmed without such preliminary injunctive relief. Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that the plaintiff has not demonstrated a clear right to a preliminary injunction under those circumstances.

### <u>RECOMMENDATION</u>

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the plaintiff's Motions for Temporary Restraining Order (ECF Nos. 11 and 17) and his Motion for Order for Mental Health Treatment (ECF No. 36)

---

[4] The undersigned notes that, while the Complaint documents presently before the court allege that defendant Johnston forged the plaintiff's signature on a document refusing an appointment with the mental health contractor at the prison, the mental health contractor and its staff are not presently defendants in this matter.

and leave this matter referred to the undersigned for additional proceedings.

The plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

August 2, 2019

Dwane L. Tinsley
United States Magistrate Judge

7