```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**CHARLES E. LAMP, JR.,**

      Plaintiff,

v.                                    Civil Action No. 2:18-cv-01364

**BETSY JIVIDEN, Commissioner, West
Virginia Division of Corrections;
RALPH TERRY, Warden, Mt. Olive Correctional
Complex; CAPT. MCKENNEY;
DAVID EWING, Correctional Officer, Mt.
Olive Correctional Complex; KENNETH
BOLEN, Correctional Officer, Mt. Olive
Correctional Complex; CHARLES JOHNSTON,
Correctional Officer, Mt. Olive Correctional
Complex; NANCY JOHNSON, Counselor, Mt. Olive
Correctional Complex; SGT. SLACK; DERRICK MCKENNY,
Captain, Mt. Olive Correctional Complex; DONALD
SLACK, Sergeant, Mt. Olive Correctional Complex;
ABBIE HART, Trustee Clerk, Mount Olive Correctional
Complex, individually and in her their official capacities;
COLONEL JOHN FRAME; CAPTAIN BRIAN PINICK;
DYLAN HAYHURST; and DONNIE AMES,**

      Defendants.


## MEMORANDUM OPINION AND ORDER

Pending are the following <u>pro se</u> motions entitled as noted: (1) plaintiff's Motion for Temporary Restraining Order on Defendant Charles Johnston, a correctional officer at Mount Olive Correctional Complex (ECF No. 11); (2) plaintiff's Motion for "Emergency" Temporary Restraining Order II (ECF No. 17); and plaintiff's Motion to Have a Mental Health Professional Come to See Him Issued by the Court (ECF No. 36).

The plaintiff is incarcerated at the Mount Olive Correctional Complex and is currently in a segregation unit. Plaintiff's amended complaint, filed January 4, 2019, alleges multiple 42 U.S.C. § 1983 violations against prison officials and staff.[1] In each of plaintiff's motions specifically requesting a restraining order, (ECF Nos. 11 and 17) he states that defendant Charles Johnston is retaliating against him for filing this lawsuit and against other inmates who have provided witness statements in support of his lawsuit. Notably, plaintiff contends that defendant Johnston is telling other inmates that plaintiff is a "rat" or a "snitch," thereby causing plaintiff "irreparable injury." ECF No. 11, at 4.

In his initial motion for a temporary restraining order, he asks that the court restrain Johnston "and all persons acting in concert of participation with him" from having personal contact with the plaintiff. ECF No. 11, at 1. He seeks the same relief in his motion for "Emergency" Temporary Restraining Order II. ECF No. 17.

---

[1] Plaintiff's original complaint was filed October 18, 2018, and he has filed several amended and supplemental complaints since that time and since the filing of the January 4, 2019 amended complaint. Service of process has not yet been ordered on any of the defendants inasmuch as the plaintiff has repeatedly filed these additional "complaint" documents.

In his motion requesting that the court direct a mental health evaluation, it appears that he requests an independent mental health evaluation inasmuch as he contends that prison officials falsely stated that he had refused mental health treatment. ECF No. 36.

This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to the court of his Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On August 2, 2019, the magistrate judge entered his PF&R in which he construed each of plaintiff's three motions to be a motion for a preliminary injunction. The PF&R also recommended that the plaintiff's two Motions for Temporary Restraining Order (ECF Nos. 11 and 17) and his Motion for Order for Mental Health Treatment (ECF No. 36) be denied and that this court leave this matter referred to the magistrate judge for further proceedings. The plaintiff filed objections to the PF&R on August 14, 2019.

The court reviews objections de novo. "The Federal Magistrates Act requires a district court to 'make a de novo determination of <u>those portions</u> of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'" Diamond v. Colonial Life & Accident

Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis in original) (quoting 28 U.S.C. 636(b)(1)).

As an initial matter, the plaintiff does not raise any objection to the magistrate judge's recommending that his motion for a mental health evaluation be denied.

Next, plaintiff asserts that defendant Charles Johnston, despite no longer being stationed in the segregation unit in which plaintiff is housed, still has contact with the plaintiff and that "its not only a mere possibility [plaintiff] will be harmed, its a fact he will be harmed, its just a matter of time, this defendants actions are irreparable, there is no question in that regard." Objections, ECF No. 52, at 3. This appears to be an objection to the magistrate judge's finding that plaintiff "has asserted only theoretical future injury. A mere possibility of harm will not suffice to support the granting of a preliminary injunction." PF&R, ECF No. 51, at 5 (citing Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 21-22 (2008)).

Plaintiff asserts that the "following case laws will support his concern for the temporary restraining order." Objections, ECF No. 52, at 2. Plaintiff cites seven cases from other circuits, none of which are applicable to his motions for preliminary injunctions.

While the plaintiff has raised serious allegations against certain defendants concerning his safety, the court agrees with the magistrate judge, who thoroughly provided his sound reasoning for recommending that the plaintiff's motions be denied inasmuch as he has failed to clearly show that "he is likely to succeed on the merits of his claims, or that he is likely to be irreparably harmed without preliminary injunctive relief."  PF&R, ECF No. 51, at 5; see Winter, 555 U.S. at 20 ("A plaintiff seeking a preliminary injunction must establish that he is likely to . . . suffer irreparable harm in the absence of preliminary relief . . . .").  Indeed, plaintiff's own admission that defendant Johnston no longer works in the Quilliams segregation units where plaintiff is housed decreases the already speculative chances that harm will befall him.  Objections, ECF No. 52, at 2-3.

Accordingly, it is ORDERED as follows:

1. That the plaintiff's objections to the Proposed Findings and Recommendation be, and they hereby are, overruled;

2. That the magistrate judge's Proposed Findings and Recommendation be, and they hereby are, adopted and incorporated herein in full;

3. That each of plaintiff's motions for a temporary restraining order (ECF Nos. 11, 17) and his motion for Order for Mental Health Treatment (ECF No. 36) be, and they hereby are, denied; and

4. That this matter be, and it hereby is, again referred to the magistrate judge for additional proceedings.

The Clerk is directed to transmit this memorandum opinion and order to the plaintiff, any unrepresented parties and the United States Magistrate Judge.

ENTER: August 20, 2019

John T. Copenhaver, Jr.
Senior United States District Judge