IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHARLES E. LAMP, JR.,

    Plaintiff,

v.   Case No. 2:18-cv-01364

BETSY JIVIDEN, RALPH TERRY,
DAVID EWING, KENNETH BOLEN,
CHARLES JOHNSTON, NANCY JOHNSON,
DONALD SLACK, ABBIE HART,
COLONEL JOHN FRAME, CAPTAIN BRIAN PENICK,
DYLAN HAYHURST, DONNIE AMES,
and DERRICK MCKINNEY,

    **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

    I.    *RELEVANT PROCEDURAL HISTORY*

Having been granted leave of court to do so, Plaintiff filed an amended complaint on January 4, 2019. (ECF No. 39). Thereafter, Plaintiff filed five additional supplemental or amended complaints (ECF Nos. 44, 45, 47, 48, and 50), along with additional declarations and exhibits, addressing new claims against new proposed defendants. Thus, on October 1, 2021, the undersigned conducted a status conference to address the numerous supplemental and amended complaint documents filed by Plaintiff.

During the status conference, the court generally noted the types of claims Plaintiff had alleged in his complaint documents and the factual basis for those claims. Plaintiff was again notified that his continued filing of supplements and amendments and a large amount of supporting documentation, without leave of court, was unacceptable and has made it difficult for the court to identify a sufficient amended complaint document to serve on the defendants. Thus, Plaintiff was further notified that he would be granted leave of court to file a second amended complaint setting forth all his claims in one document and that no further amendments or supplements would be permitted.

As stated on the record and in a written order and notice (ECF No. 58), the second amended complaint was due by November 15, 2021. Plaintiff was specifically advised that the failure to timely file his second amended complaint would result in the undersigned's recommendation that this matter be dismissed for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. (*Id.* at 3). The matter was further stayed and held in abeyance pending the filing and service of the second amended complaint. However, Plaintiff failed to file a second amended complaint as ordered.

## II. DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). In determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution;

(3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

The plaintiff has failed to file a second amended Complaint as ordered. In fact, he has failed to communicate in any way with the court concerning this matter since the October 1, 2021 status conference. Thus, this court is unable to move this matter forward. Accordingly, the responsibility for the delay in the progress of this matter is entirely on the plaintiff; and dismissal, as expressly warned in the undersigned's prior order and notice, appears to be the only appropriate sanction.

### III.   RECOMMENDATION

The undersigned proposes that the presiding District Judge **FIND** that the plaintiff has failed to prosecute this civil action. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **LIFT THE STAY**, return this matter to the active docket, and **DISMISS** this matter for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation

within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

March 23, 2022

Dwane L. Tinsley
United States Magistrate Judge