```
               UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

**CHARLES E. LAMP, JR.,**

      **Plaintiff,**

v.                                            Civil Action No. 2:18-cv-01364

**BETSY JIVIDEN, RALPH TERRY,
DAVID EWING, KENNETH BOLEN,
CHARLES JOHNSTON, NANCY JOHNSON,
DONALD SLACK, ABBIE HART,
COLONEL JOHN FRAME, CAPTAIN BRIAN PENICK,
DYLAN HAYHURST, DONNIE AMES,
and DERRICK MCKINNEY,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending are Plaintiff Charles E. Lamp, Jr.'s, Amended Complaint (ECF 39), filed January 4, 2019, and various subsequent amended or supplemental pleadings filed by Mr. Lamp thereafter. (ECF Nos. 44, 45, 47, 48, and 50).

This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). On October 1, 2021, Magistrate Judge Tinsley conducted a telephonic status conference to address the numerous supplemental and amended complaint documents filed by Mr. Lamp without leave of the court.  See ECF 58.  At the conclusion of the status conference,

Magistrate Judge Tinsley notified Mr. Lamp that he would be granted leave to file a second amended complaint setting forth all his claims in one document by November 15, 2021.  See id.  Mr. Lamp was further advised that the failure to timely file his second amended complaint would result in Magistrate Judge Tinsley's recommendation that this matter be dismissed for failure to prosecute.  See id.  Mr. Lamp never filed a second amended complaint as directed.

On March 23, 2022, Magistrate Judge Tinsley filed his PF&R (ECF 59), wherein he recommended that the court find that Mr. Lamp has failed to prosecute this civil action, lift the previously ordered stay, return this matter to the active docket, and dismiss this matter for failure to prosecute pursuant to Federal Rule of Civil Procedure Rule 41(b).

The court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  See Thomas v. Arn, 474 U.S. 140 (1985); see also 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") (emphasis added).  Failure to file timely objections constitutes a waiver of de

novo review and the Petitioner's right to appeal the court's order. See 28 U.S.C. § 636(b)(1); see also United States v. De Leon-Ramirez, 925 F.3d 177, 181 (4th Cir. 2019) (parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on April 11, 2022. No objections were filed.

Accordingly, it is ORDERED that the findings made in the PF&R (ECF 59) are ADOPTED by the court and incorporated herein. It is further ORDERED that the previously ordered stay is LIFTED, and this matter is REINSTATED to the active docket and DISMISSED for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: September 21, 2022

John T. Copenhaver, Jr.
Senior United States District Judge